UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
OHIO SECURITY INSURANCE COMPANY, *et al.,*

                       Plaintiffs,

      -against-

ADA ISLAND CONSTRUCTION CORP., *et al.*,

                      Defendants.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
24 CV 3422 (AMD) (CLP)

**POLLAK**, United States Magistrate Judge:

On May 9, 2024, plaintiffs Ohio Security Insurance Company ("Ohio Security") and The Ohio Casualty Insurance Company ("Ohio Casualty") (together "plaintiffs") commenced this action against defendants ADA Island Construction Corp. d/b/a ADA Island Construction Group ("ADA Island Group"), Island Construction Corp. d/b/a ADA Island Construction Group ("Island Construction"), Wilson Morocho d/b/a ADA Island Construction Group ("Morocho"), SZO Construction Group Inc. ("SZO"), International Concrete Corp. ("International Concrete"), Esty Goldman ("Goldman"), Joel Hirschfeld, and Hirschfeld & Associates Corp. (together "Hirschfeld"), alleging claims of fraud, and seeking damages and declaratory relief with respect to *inter alia* issues of coverage and the obligation to defend and indemnify under a Commercial General Liability policy issued by Ohio Security and a Commercial Umbrella policy issued by Ohio Casualty.

Currently pending before this Court is plaintiffs' Motion for default judgment against all defendants.

FACTUAL BACKGROUND

Plaintiffs allege that Ohio Security issued a Commercial General Liability Policy, No. BKS (23) 64 98 09 70, to ADA Island Group as the sole Named Insured, with a policy period of July 18, 2022 to July 18, 2023 (the "Ohio Security Policy"). (Compl. ¶ 27). The policy was issued with premiums determined based on risks associated with "ADA Island Construction Group." (Id. ¶ 29). Effective for the endorsement period from August 15, 2022 to July 18, 2023, a Policy Change Endorsement added SZO and International Concrete as Named Insureds. (Id. ¶ 32). Plaintiffs allege that defendants SZO and ICC were added as Named Insureds to their policies pursuant to a representation made by defendant Goldman, acting on behalf of and under the direction and supervision of defendants Hirschfeld, that SZO and International Concrete "is same owner and exposures." (Id. ¶ 30 (quoting Coverage Request)). In reliance on the information in the Coverage Request, Ohio Security added these entities to the policy as Named Insureds without increasing the premiums. (Id. ¶ 39). Contrary to the misrepresentation in the Coverage Request, plaintiffs subsequently learned that SZO and International Concrete did not have the same owner and exposures as the sole Named Insured. (Id. ¶ 31). Plaintiffs allege that a subsequent Change Endorsement effective November 2, 2022 deleted SZO and International Concrete as Named Insureds. (Id. ¶ 34).

Plaintiffs similarly allege that Ohio Casualty issued a Commercial Umbrella policy, No. USO (23) 64 98 09 70, with a policy period from July 18, 2022 to July 18, 2023, to ADA Island Group as the sole Named Insured. (Compl. ¶ 35). The policy was issued including the Ohio Security Policy on its Schedule of Underlying Insurance. (Compl. ¶ 36). Relying on defendant Goldman's representation, Ohio Casualty issued a Policy Change Endorsement, adding SZO and International Concrete as Named Insured for the endorsement period from August 15, 2022 to July

18, 2023 with no additional premium. (Compl. ¶ 38). Plaintiffs allege that Ohio Casualty issued a subsequent Policy Change Endorsement, deleting SZO and International Concrete as Named Insured on the Ohio Security Policy, effective on November 2, 2022. (Compl. ¶ 40).

During the policy period, several individuals brought claims in the New York State Supreme Court, Kings County, for injuries incurred in the course of their employment at various construction sites. On November 28, 2022, Sergio Miguel Franco Barzallo brought suit after allegedly suffering bodily injury in the course of his employment working on a construction project at 210 Clarkson Avenue, Brooklyn, New York (the "210 Clarkson Avenue project"). (Id. ¶¶ 42, 43). A second individual, Wilmer Delgado also commenced suit, alleging bodily injuries arising from an accident suffered when he fell from a ladder on September 15, 2022 at the 210 Clarkson Avenue project. (Id. ¶¶ 45, 46). Dionne Boissiere similarly brought an action based on bodily injuries he alleged he suffered on August 18, 2022, arising from construction activities at 2840 Atlantic Avenue, Brooklyn, New York. (Id. ¶¶ 50, 51). A fourth individual, Isabel Huaman, filed suit alleging that she suffered bodily injuries on September 29, 2022, in the course of her employment at a construction site located at 150 Erasmus Street, Brooklyn, New York (the "150 Erasmus construction project"). (Id. ¶¶ 52, 53). Eder Santos also sought damages based on an accident on September 22, 2022, suffered in the course of his employment at the 150 Erasmus construction project. (Id. ¶¶ 60, 61). Wuismar Ramos Martinez commenced suit alleging that on August 25, 2022, he suffered injuries while employed on a construction project at 210 Clarkson Avenue, as did Luis Lira, who allegedly was injured on September 23, 2022, while working at 210 Clarkson Avenue, and Robin Polonia, who was injured on November 23, 2022, at 210 Clarkson Avenue. (Id. ¶¶ 56, 57, 63, 64, 69, 70). Additionally, the developers behind the construction projects, NY Developers & Management LLC and 210 Clarkson Propco LLC, brought their own

actions in the New York State Supreme Court, New York County, seeking coverage under the Ohio Security and Ohio Casualty policies.[1]  (Id. ¶ 67).

International Concrete was impleaded as a third-party defendant in all of these actions except for the Boissiere and developer actions.  (Id. ¶¶ 44, 48, 54, 58, 62, 65, 71).  SZO was impleaded as a third-party defendant along with International Concrete in the Huaman action.  (Id. ¶ 55).  In all of the actions except for the Boissiere, Huaman, and Santos actions, coverage was sought under the Ohio Security and Ohio Casualty policies.  (Id. ¶¶ 45, 49, 59, 66, 68, 72).

Here, plaintiffs allege that defendants Goldman and Hirschfeld, acting as the agent, representative, insurance broker and under the direction of ADA, SZO, and International Concrete, made material misrepresentations to plaintiffs that caused SZO and International Concrete to be added as Named Insureds to their policies.  Plaintiffs seek damages for fraud, as well as a declaratory judgment that defendants have no obligation to defend and indemnify SZO and International Concrete, and are responsible for reimbursing plaintiffs for monies incurred for the defense of International Concrete and SZO in the underlying actions and in responding to claims for coverage for purported additional insureds.  (Compl., First, Second and Third Claims for Relief).

PROCEDURAL HISTORY

Following the filing of the Complaint, copies of the summons and Complaint were served

---

[1] For each of the individual state actions, see Barzallo v. 210 Clarkson Propco LLC, Index No. 507910/2023 (N.Y. Sup. Ct. Kings Cnty.); Delgado v. NY Devs. & Mgmt. LLC, Index No. 529412/2022 (N.Y. Sup. Ct. Kings Cnty.); Boissiere v. Empire State Dairy LLC, Index No. 508674/2023 (N.Y. Sup. Ct. Kings Cnty.); Huaman v. Tov Erasmus LLC, Index No. 532254/2022 (N.Y. Sup. Ct. Kings Cnty.); Santos v. Yatziv Corp., Index No. 532717/2022 (N.Y. Sup. Ct. Kings Cnty.); Martinez v. 210 Clarkson Propco LLC, Index No. 527706/2022 (N.Y. Sup. Ct. Kings Cnty.); Lira v. NY Devs. & Mgmt. LLC, Index No. 537968/2022 (N.Y. Sup. Ct. Kings Cnty.); Polonia v. NY Devs. & Mgmt. LLC, Index No. 500741/2023 (N.Y. Sup. Ct. Kings Cnty.); NY Devs. & Mgmt. LLC v. Ohio Security Ins. Co., Index No. 522040/2022 (N.Y. Sup. Ct. N.Y. Cnty.).

on defendants ADA Island Group, Hirschfeld & Associates, International Concrete, and Island Construction, through service upon the New York Secretary of State on May 22, 2024. (ECF Nos. 8-12). On May 23, 2024, plaintiffs served defendant Esty Goldman and Joel Hirschfeld, c/o Hirschfeld & Associates, by delivering a copy to Eli Wertman at 496 Broadway, Brooklyn, New York 11211. (ECF Nos. 13, 14). When defendants failed to file an answer or otherwise respond to the Complaint, the Clerk of Court entered a default on July 31, 2024, against defendants ADA Island Construction Corp., Island Construction Corp., Esty Goldman, Joel Hirschfeld, Hirschfeld & Hirschfeld, International Concrete, and SZO Construction. (ECF No. 17). Plaintiff thereafter filed a motion for default judgment on November 8, 2024, which was referred to the undersigned by the Honorable Ann M. Donnelly on November 12, 2024. (Electronic Order, dated November 11, 2024).

On December 14, 2024, United Specialty Insurance Company ("USIC") and State National Insurance Company ("SNIC") filed a motion to intervene in this action. (ECF No. 20). The proposed intervenors argue that to grant plaintiffs' motion for default judgment without allowing their intervention would cause them and other putative additional insureds on plaintiffs' policies "inequitable harm and damages." (ECF No. 20-8). The district court held a hearing on July 22, 2025, and ordered the parties to file a joint status report by August 5, 2025. (Electronic Order, dated July 22, 2025).

For the reasons set forth below, it is respectfully recommended that the district court deny plaintiffs' Motion for default judgment without prejudice and with leave to renew once the motion to intervene filed by USIC and SNIC is resolved.

DISCUSSION

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-part procedure for entering a default judgment. See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 9596 (2d Cir. 1993). First, Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The Clerk of Court enters a default by noting the defaulting party's failure to respond or appear. See Id. Second, if the defaulting party then fails to vacate the entry of default pursuant to Rule 55(c), the appearing party may seek a default judgment to establish liability and, if proven, damages. See Fed R. Civ. P. 55(b).

While the Second Circuit has recognized the pressure on district courts "to dispose of cases that . . . delay and clog [their] calendar[s]" due to the litigants' "disregard of the rules," the Circuit has instructed district courts to "maintain a balance between clearing [their] calendar[s] and affording litigants a reasonable chance to be heard." Enron Oil Corp. v. Diakuhara, 10 F.3d at 95–96; see also Jeremiah v. 5 Towns Jewish Times, Inc., No. 22 CV 5942, 2023 WL 6593997, at *2 (E.D.N.Y. Aug. 9, 2023), report and recommendation adopted, 2023 WL 5703698 (E.D.N.Y. Sept. 5, 2023). Thus, in light of the "oft-stated preference for resolving disputes on the merits," defaults are "generally disfavored," and "doubt[s] should be resolved in favor of the defaulting party." Id. Furthermore, "[Rule 55(b)] states that a judgment by default 'may' be entered under specified circumstances, not that it must." Erwin DeMarino Trucking Co. v. Jackson, 838 F. Supp. 160, 162 (S.D.N.Y. 1993) (noting that courts must "supervise default judgments with extreme care to avoid miscarriages of justice."). Accordingly, a plaintiff is not entitled to a default judgment as a matter of right simply because the defendant is in default.

Where, as here, a plaintiff seeks default judgment, the Court must consider whether entering default judgment would be premature. See Bleecker v. Zetian Sys., Inc., No. 12 CV 2151, 2013 WL 5951162, at *6 (S.D.N.Y. Nov. 1, 2013) (citing Chloe v. Zarafshan, No. 06 CV 3140, 2009 WL 2956827, at *4 (S.D.N.Y. Sept. 15, 2009)).  Specifically, the Court must "expressly" determine that there is no reason to delay judgment against the defaulting parties. Fed. R. Civ. P. 54(b).  There are no "fixed criteria" guiding the application of this rule. Mitchell v. Lyons Pro. Servs., Inc., 727 F. Supp. 2d 116, 119 (E.D.N.Y. 2010) (citing Curtiss–Wright Corp. v. General Elec. Co., 446 U.S. 1 (1980)).  Rather, "[t]he decision of whether to enter a final judgment against some but fewer than all of the parties in an action is left to the sound discretion of the district court." Abbott Lab'ys v. Adelphia Supply USA, No. 15 CV 5826, 2020 WL 7643213, at *2 (E.D.N.Y. Dec. 23, 2020) (citing Bleecker v. Zetian Sys., Inc., 2013 WL 5951162, at *6).  However, "default judgment cannot be issued where the relief requested would prejudice actively litigating defendants." Knowles-Carter v. Feyonce, Inc., No. 16 CV 2532, 2017 WL 11567528, at *5 (S.D.N.Y. Sept. 23, 2017).

Here, although plaintiffs seek the entry of a default judgment against all defendants, the question remains as to whether the district court will allow USIC and SNIC to intervene in the action.  Aside from any questions as to whether the allegations in the Complaint against defendants are sufficient to state a plausible claim for liability, there is an open question as to whether the intervenors will be allowed to interpose potential defenses to plaintiffs' claims that would have a direct impact on any determination of liability and potential damages with respect to the defaulting defendants in this case.  Given that the existing defendants have defaulted and are not adequately representing the interests of the intervenors, a decision as to liability and injunctive relief against the defaulting defendants should await the determination of the district

court on the motion to intervene, given that this Court would be required to opine and make findings of fact on the very issues that could be allowed to proceed before the district court if intervention is granted.

The Court therefore concludes that plaintiffs' Motion for default judgment is premature and should not be granted at this time, as doing so could very well prejudice the potential intervenors and other possible insureds, should they be permitted to intervene and contest plaintiffs' allegations in the future. See Century Sur. Co. v. Whispers Inn Lounge, Inc., No. 13 CV 9049, 2014 WL 8392302, at *1 (S.D.N.Y. Dec. 15, 2014) (denying default judgment without prejudice, where "[g]ranting [plaintiff's] requested relief and declaring that the underlying action is not covered. . . would, in effect, decide the case for [the co-defendant], even though it disputes [plaintiff's] claims"); Falls Lake Nat'l Ins. Co. v. Nexus Builders Corp., No. 21 CV 1403, 2022 WL 992714, at *5 (S.D.N.Y. Mar. 31, 2022).

## CONCLUSION

Considering the foregoing, the Court respectfully recommends that plaintiffs' Motion for default judgment against defendants be denied without prejudice and with leave to renew once the district court rules on the pending motion to intervene.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the district court's order. See, e.g., Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).

Plaintiff is directed to promptly serve a copy of this Report and Recommendation on defendants by certified mail, return receipt requested, and to provide the Court with proof of service immediately thereafter.

**SO ORDERED.**

Dated: Brooklyn, New York
August 18, 2025

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York